

KAUFF McGUIRE & MARGOLIS LLP

950 THIRD AVENUE · FOURTEENTH FLOOR
NEW YORK, NY 10022

TELEPHONE (212) 644-1010
FACSIMILE (212) 644-1936

MICHELE A. COYNE
DIRECT DIAL: (212) 909-0703
DIRECT FAX: (212) 909-3503
COYNE@KMM.COM

NEW YORK
LOS ANGELES
WWW.KMM.COM

October 27, 2021

**VIA ECF**
Hon. John G. Koeltl
U.S. District Court, Southern District of New York
500 Pearl Street
New York, New York 10007-1312

      Re: *Wimberly v. automotiveMastermind, Inc. et al.*; 20-cv-01870 (JGK)
           *Wimberly v. automotiveMastermind, Inc.*; 20-cv-02880 (JGK)

Dear Judge Koeltl:

      Our firm is counsel to Defendants automotiveMastermind, Inc., Christina Queiros Bouchot, Bari Buksbaum, and Eric Daniels ("Defendants") in the above-captioned actions, filed by *pro se* Plaintiff, Jason Wimberly. In accordance with Rule VI.A.2 of Your Honor's Individual Practices, we submit this letter motion on behalf of all parties to respectfully request that the Court retain jurisdiction over the parties' settlement agreement and file that agreement under seal.

      On September 21, 2021, upon report of the parties' settlement of the referenced actions, this Court issued Orders dismissing both actions with prejudice and without costs (20-cv-01870: dckt. entry no. 73; 20-cv-02880: dckt. entry no. 74). The Orders also advised that if the parties wished for the Court to retain jurisdiction for the purpose of enforcing any settlement agreement, they were required to submit the settlement agreement to the Court within thirty (30) days to be "so-ordered" by the Court. (*See id.*) Pursuant to that direction, the parties jointly request that this Court retain jurisdiction over the enforcement of the parties' settlement agreement by entering their proposed Stipulation and Order. The parties also jointly request the Court's permission to file their fully-executed settlement agreement under seal.

      Courts in this jurisdiction undertake a three-part inquiry when assessing whether to file a document under seal. *See United States v. Sattar*, 471 F. Supp. 2d 380, 384 (S.D.N.Y. 2006) (citing *United States v. Amodeo*, 71 F.3d 1044, 1048–51 (2d Cir.1995)); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). In accordance with the Second Circuit's decision in *United States v. Amodeo*, Your Honor has explained this inquiry as follows:

4848-1936-9469.1

Hon. John G. Koeltl
October 27, 2021
Page 2

> First, a court must determine whether the document is a "judicial document," such that a presumption of access attaches. Second, if the document is indeed a "judicial document," the court must determine the weight to be accorded the presumption of access. Finally, after determining the weight of the presumption of access, the court must balance any countervailing factors against the presumption.

*Sattar*, 471 F. Supp. 2d at 384 (citing *United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir.1995)).

Here, even if the parties' settlement agreement is considered a "judicial document," the second inquiry above supports maintaining the document under seal. Notably, "the Second Circuit strongly endorses the confidentiality of settlement agreements in virtually all cases," *Schoeps v. Museum of Mod. Art*, 603 F. Supp. 2d 673, 676 (S.D.N.Y. 2009), and has found "that the *presumption of access is weak when settlement confidentiality is concerned.*" *Id.* at n. 2 (citing *United States v. Glens Falls Newspapers, Inc.*, 160 F.3d 853, 857 (2d Cir.1998); *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143–44 (2d Cir.2004)) (emphasis added); *see also Alicia B. Through Cynthia B. v. Malloy*, No. 3:16-CV-00065 (SRU), 2016 WL 9782480, at *1 (D. Conn. Dec. 20, 2016) ("[T]he Second Circuit repeatedly has held that there is no established presumption of public access with respect to confidential settlement discussions, terms and documents.")

Even if the Court accords the presumption of access to the parties' settlement agreement some weight, the countervailing interest in judicial efficiency supports sealing the agreement. *See United States v. Amodeo*, 71 F.3d 1050–51 (2d Cir.1995); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). The parties reached a settlement with a fundamental understanding that the terms would remain confidential, and they incorporated the need for confidentiality into their written agreement. Indeed, the parties may not have been able to settle the above-captioned cases at all without this expectation of confidentiality. Thus, the interest in facilitating judicial efficiency by encouraging the resolution of cases via settlement strongly weighs in favor of sealing the settlement agreement. *See Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004) ("If nothing else, honoring the parties' express wish for confidentiality may facilitate settlement, which courts are bound to encourage."); *see also Alicia B. Through Cynthia B. v. Malloy*, No. 3:16-CV-00065 (SRU), 2016 WL 9782480, at *1 (D. Conn. Dec. 20, 2016) (finding settlement to be "in the interest both [sic] of the parties, who were able to resolve their dispute, and of the general public, which benefits from an efficient litigation process" and further, that "the importance of sealing to encourage settlement… constitutes a 'clear and compelling reason' to seal the settlement agreements.").

Hon. John G. Koeltl
October 27, 2021
Page 3

      Based on the foregoing reasons, the parties respectfully request that this Court retain jurisdiction to enforce their settlement agreement and permit that agreement to be filed under seal. In the event the Court declines to grant the instant joint letter motion to seal, the parties respectfully request an opportunity to propose redactions to their settlement agreement before it is made a part of the public record.

      Thank you for your consideration.

                                                Respectfully submitted,

                                                */s/ Michele A. Coyne*
                                                Michele A. Coyne
                                                Tamanna Rubya
                                                *Counsel for Defendants*

cc:      Jason Wimberly
          *Pro Se Plaintiff*

> Based on the foregoing representations of the need for confidentiality and the expectation of confidentiality to effectuate the settlement, and the importance of settlement in these cases, the Court will file the Confidential Settlement Agreement under seal and retain jurisdiction.
>
> So Ordered.
> JG Koeltl
> U.S.D.J.
>
> 10/29/21

4848-1936-9469.1